[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action to recover damages for personal injuries sustained when he fell from his motorcycle while crossing railroad tracks that ran across the highway. The First Count of the amended substituted complaint alleges a cause of action under the Municipal Highway Statute, (General Statutes 13a-149) and is not involved in the present motion. The defendants John R. O'Brien, Commissioner of Public Works for the City of Stamford ("O'Brien"), Urban Redevelopment Commission ("URC"), and the defendant City of Stamford ("The City") have filed a Motion for Summary Judgment with respect to the remaining counts alleging liability on the part of those defendants.
The Second Count of the complaint is directed to O'Brien, asserting that he was negligent in various ways "in that he or people he supervised" failed to properly grade, maintain and inspect the roadway and/or railroad tracks; failed to warn of the defective condition and failed to properly maintain the railroad CT Page 6176 tracks and allowed the tracks to fall into disrepair.
The defendant has moved for Summary Judgment asserting that the claims against O'Brien are barred by the defense of governmental immunity and, in support of the motion, the defendant has filed affidavits by O'Brien and by the current Commissioner of Public Works. The affidavits state that the Commissioner of Public Works is responsible for the general oversight and supervision of various bureaus within the department; that there are several intermediaries between the Commissioner and individual workers; that the Commissioner's duties do not include personal inspection of defects or personal performance of necessary repairs; that O'Brien did not personally inspect accident scenes nor personally repair conditions that might constitute claimed defects. The defendant has also submitted various portions of the Charter of the City of Stamford which provides that the Commissioner shall be head of the department and responsible for, inter alia, "(1) The administration, supervision and discipline of the Department and all of the property, apparatus and equipment thereof." The plaintiff has submitted an affidavit stating that she is the attorney for the plaintiffs and that a deposition, not yet transcribed, of an expert retained by the plaintiff contains testimony that the Commissioner of Public Works has a duty to personally inspect all city highways for defects.
"The party moving for Summary Judgment bears the burden of proving the absence of a dispute as to any material fact." Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The issue for determination in a Motion for Summary Judgment is whether the moving party would be entitled to a directed verdict on the same facts and the court must view the claim in the light most favorable to the non-moving party. Connell v. Cowell, 214 Conn. 242, 247
(1990). In appropriate factual situations, the summary judgment procedure can be utilized to determine issues relating to governmental immunity. Shore v. Stonington, 187 Conn. 147 (1982).
A municipal employee has a qualified immunity in the performance of a governmental duty but may be liable if he misperforms a ministerial act as opposed to a discretionary act. The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, 211 Conn. 501, 505 (1989). Even where the acts are discretionary, a liability may be imposed where the circumstances make it apparent that the failure to act would be likely to subject an identifiable person to imminent harm; where the statutes specifically provide for a cause of action for failure to enforce certain state laws; or when the alleged acts involve malice, wantonness or intent to injure rather than negligence. Evon v. Andrews, supra at 505. CT Page 6177
If the duty imposed upon a public official is a duty to the public, a failure to perform that duty, or an erroneous performance, is a public and not an individual injury. If the duty, on the other hand, is a duty to an individual, neglect to perform that duty is an individual wrong and may support an action for damages. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,166 (1988). "Whether a public or private duty is established, there is no potential liability if the act complained of is a discretionary act that does not fit into any of the narrow exceptions. . . ." Gordon v. Bridgeport Housing Authority, supra at 169.
The Code of the City of Stamford provides that the Commissioner of Public Works is responsible for the administration, supervision and discipline of the department. The affidavits submitted on behalf of O'Brien state that the Commissioner's duties do not include personal inspection of defects nor personal performance of necessary repairs. The affidavits also establish that O'Brien did not perform any such acts. In the present case, there is no indication that the plaintiff herein was singled out with respect to an application of a particular policy. There is also no indication that O'Brien was acting other than for the benefit of the public and was not discharging an affirmative duty owed to an identifiable individual party. There is also no indication that O'Brien personally committed or participated in the commission or a tort under the rule of such cases as Scribner v. O'Brien Inc., 169 Conn. 389, 404 (1985). The unsubstantiated statement by an expert retained by the plaintiff that it was his opinion that O'Brien had a duty to personally inspect the roadways is unavailing.
O'Brien's duties are clearly governmental and the plaintiffs have failed to demonstrate that defendant O'Brien comes within any recognized exception of governmental immunity. Accordingly, the Motion to Strike the Second Count of the complaint is hereby granted.
The Third Count of the complaint alleges a loss of consortium on behalf of the wife of the plaintiff. Since the Third Count is dependent upon the Second Count, the Motion to Strike the Third Count is also hereby granted.
The Fourth Count of the complaint asserts that the City shall pay all sums when an employee becomes obligated to by reason of liability imposed upon such an employee. Inasmuch as the Fourth Count is dependent upon a finding of liability against the defendant O'Brien, under the Second Count the Motion to Strike the Fourth Count of the complaint is hereby granted.
The Fifth Count of the complaint seeks indemnity under CT Page 6178 General Statutes 7-465 for the loss of consortium claim of the wife of the plaintiff. Inasmuch as the Fifth Count is likewise dependent upon a finding or liability on the part of the defendant O'Brien, the Motion to Strike the Fifth Count is hereby granted.
The Sixth Count of the complaint purports to set forth a cause of action based upon a claim that the City affirmatively created a nuisance. The City moves to strike the Sixth Count on the grounds that there is no factual basis that the City created a nuisance by positive act. The affidavit filed by the defendants relates to the lack of involvement of URC over a period of many years. However, the affidavits were silent with respect to the action or inaction with respect to the City and accordingly, the court finds that the defendants have not sustained their burden with respect to the Motion for Summary Judgment. Therefore, the Motion for Summary Judgment with respect to the Sixth Count is denied. The derivative claim for the loss of consortium as set forth in the Seventh Count is likewise denied.
The Eighth Count of the complaint alleges that the highway where the plaintiff attempted to cross the tracks was controlled by URC; that URC was careless and negligent in failing to grade the highway; in failing to properly maintain the roadway; in that it allowed the roadways to become eroded; in that it failed to properly grade railroad tracks; in that it failed to properly maintain the railroad tracks; in that it allowed said railroad tracks to fall into disrepair; in that it failed to warn of defective conditions; and in that it failed to properly inspect the roadway to ascertain the hazardous conditions. The defendant URC asserts that it has had no involvement with the area in question for many years, and that the claim is barred by the applicable statutes of limitations. In support of its claim, URC has filed an affidavit by its Executive Director stating that according to the URC records which are kept in the ordinary course of business, the railroad siting in question was constructed pursuant to contract executed in 1960 and was completed and approved on June 4, 1961. The affidavit further states that according to the records on or about May 15, 1962 URC parted with all rights, control and rights to control over the railroad crossing where the plaintiff claims to have fallen. The affidavit further states that since that date URC has exercised no control over the tracks or the street where the plaintiff claims to have fallen, and that URC has had no involvement in other older railroad tracks that cross the highway upon which the plaintiff was traveling.
General Statutes 52-584 provides:
 "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct. . .shall be brought but CT Page 6179 within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, except that no such action may be brought more than three years from the date of the act or omission complained of.
The plaintiff has filed no counter-affidavit with respect to the claims made by URC and therefore it appears that URC has had no involvement with the area claimed to have caused the plaintiff's fall since at least 1962. Accordingly, negligent acts by URC would be barred by the provisions of the above quoted statute. Accordingly, the Motion for Summary Judgment with respect to the Eighth Count, and the derivative claims set forth in Counts Nine, Ten and Eleven, is hereby granted.
The Twelfth Count of the complaint purports to set forth a cause of action in nuisance against URC, while the Thirteenth Count of the complaint purports to set forth a claim for loss of consortium based upon the claims made in the Twelfth Count. Neither party has provided the court with a detailed background of the activities performed by URC, if any, regarding construction of the tracks in question. In addition, the Statutes of Limitations claim as set forth in General Statutes 52-584 applies only to negligence claims. The parties have not asserted the application of any statute of limitations relating to URC with respect to the Twelfth and Thirteenth Counts. Accordingly, the Motion for Summary Judgment with respect to the Twelfth and Thirteenth Counts is hereby denied without prejudice.
RUSH, J.